**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DERRY THOMAS,

     Petitioner,                            Civil No. 99-CV-40168-DT
                                           HONORABLE PAUL V. GADOLA
v.                                     UNITED STATES DISTRICT JUDGE

DAVID SMITH,

     Respondent,

_____/

### OPINION AND ORDER DENYING THE MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)

Before the Court is petitioner's motion for relief from judgment from the Court's Opinion and Order of Summary Dismissal dated July 6, 1999. For the reasons stated below, the motion for relief from judgment is DENIED.

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court on April 23, 1999, in which he challenged his conviction and sentence on one count of first degree murder, M.C.L. 750.316; M.S.A. 28.548, one count of assault with intent to murder, M.C.L. 750.83; M.S.A. 28.278, one count of armed robbery, M.C.L. 750.529; M.S.A. 28.797, and one count of felony-firearm, M.C.L. 750.227b; M.S.A. 28.424(2). Before respondent filed an answer to the petition, petitioner moved for a stay of proceedings so he could return to the state courts to file a second post-conviction motion for relief from judgment to exhaust additional claims. On July 6, 1999, this Court denied petitioner's motion to stay the proceedings and dismissed the petition without prejudice.

1

Petitioner filed his second motion for relief from judgment with the state courts on May 28, 1999. Post-conviction proceedings were concluded on September 26, 2000, when the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his post-conviction motion.

On January 23, 2001, petitioner filed a second petition for writ of habeas corpus with the United States District Court for the Eastern District of Michigan. On September 5, 2001, Judge John Corbett O'Meara dismissed the petition on the ground that it had not been timely filed in compliance with the one year statute of limitations. *Thomas v. Smith,* No. 01-70661-DT (E.D. Mich. Sept. 5, 2001). The United States Court of Appeals denied petitioner a certificate of appealability and dismissed the appeal. *Thomas v. Smith*, U.S.C.A. 01-2285 (6th Cir. Apr. 4, 2002); *cert. den.* 537 U.S. 1202 (2003).

Petitioner has now filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6), in which he claims that this Court erred in dismissing his first petition without prejudice, rather than holding it in abeyance during the pendency of his second post-conviction motion for relief from judgment.

Rule 60(b)(6) has been narrowly interpreted to allow relief from judgment only in exceptional or extraordinary circumstances. *See In Re Abdur-Rahman v. Bell,* 392 F.3d 174, 183 (6th Cir. 2004); *See also Atkins v. Foltz,* 301 F. Supp. 2d 662, 663 (E.D. Mich. 2004). Although Federal Rule of Civil Procedure 60(b) does not prescribe a specific time frame under which a motion made pursuant to subsection (6) must be made, Federal Rule of Civil Procedure 60(b) mandates that such a motion must be made within a reasonable

time. *In Re Abdur-Rahman v. Bell,* 392 F.3d at 185; *Atkins,* 301 F. 3d at 663.

Petitioner is not entitled to relief from judgment pursuant to Rule 60(b)(6) because he did not act within a reasonable time in bringing his motion for relief from judgment following the dismissal of this petition by the Court. *Atkins v. Foltz,* 301 F. Supp. 2d at 664. This Court dismissed petitioner's habeas petition on July 6, 1999.  Although petitioner claims that he did not receive a copy of the Court's opinion for three years, he has attached to his motion for relief from judgment a letter to the Clerk of this Court dated December 29, 2000, in which he indicated that he received a copy of the Court's docket entries on December 27, 2000, and became aware at that time that the Court had dismissed his petition on July 6, 1999.  Petitioner does not indicate when he actually received a copy of this Court's opinion and order, other than to indicate that it was three years after the Court dismissed his petition on July 6, 1999.  Even if this is true, petitioner does not explain why it took another three years for him to file a motion for relief from judgment with this Court on June 1, 2005.  Three years is not a reasonable time with which to seek relief from judgment pursuant to Rule 60 (b)(6). *See Rodriguez v. Mitchell,* 252 F.3d 191, 201 (2nd Cir. 2001)(three and one-half years from the date judgment denying habeas corpus was entered was not a reasonable time for seeking relief from judgment, under the catch-all clause of rule); *Dietsch v. United States,* 2 F. Supp. 2d 627, 632-33 (D.N.J. 1998)(motion for relief from judgment filed two years after order denying defendant's § 2255 motion to vacate sentence was not filed within reasonable time, and thus could be denied as untimely).

Moreover, even if petitioner is relying on the Sixth Circuit case of *Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003), which held that the one year limitations period is tolled pursuant to § 2244(d)(2) until the ninety day time period for seeking certiorari review in the United States Supreme Court of the state's final judgment on the petitioner's state post-conviction motion has expired, the Sixth Circuit decided that case on October 22, 2003. Petitioner's motion for relief from judgment is untimely, if the legal predicate for the motion existed for over one-and-a-half years prior to petitioner filing his motion for relief from judgement. *See Gaskins v. Duval,* 336 F. Supp. 2d 66, 69-70 (D. Mass. 2004).

Moreover, a Rule 60(b) motion does not serve as a substitute for an appeal, or bring up for review a second time the merits of the district court's decision dismissing the habeas petition. *Rodger v. White*, 996 F.2d 1216, 1993 WL 210696, *1 (6th Cir. June 15, 1993); *See also Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y. 1999).

## ORDER

Accordingly, **IT IS HEREBY ORDERED THAT** Petitioner's motion for relief from judgment pursuant to Rule 60(b) [docket entry 15] is **DENIED**.

**IT IS FURTHER ORDERED** that, as there is no motion fee associated with the filing of Petitioner's motion before this Court, Petitioner's application to proceed without payment of fees [docket entry 16] is **DENIED AS MOOT.**

s/Paul V. Gadola
**HON. PAUL V. GADOLA**
UNITED STATES DISTRICT COURT

DATED: June 16, 2005

4

Certificate of Service

I hereby certify that on <u>June 20, 2005</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Debra M. Gagliardi</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>Derry Thomas #204175</u> .

<u>s/Tammy Hallwood</u>
Tammy Hallwood, Deputy Clerk
(810) 341-7845